UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LONNIE WILLIAMS,<br>  *Petitioner,*<br>    *v.*<br>UNITED STATES OF AMERICA,<br>  *Respondent.* | Civil No. 3:14cv866 (JBA)<br><br>April 16, 2015 |

**RULING DENYING PETITIONER'S MOTION UNDER § 2255**

On September 20, 2012 Petitioner Lonnie Williams was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On April 8, 2013, Mr. Williams pled guilty, pursuant to a plea agreement, to a substitute information charging him with one count of possession of a stolen firearm in violation of 18 U.S.C. §§922(j) and 924(a)(2). The agreement contemplated that Mr. Williams's total offense level was 23 and his criminal history category VI, resulting in a Guidelines range of 92 to 115 months' imprisonment. (Plea Agreement, Ex. A to Gov't's Opp'n [Doc. # 7] at 4.) The Probation Office filed its Presentence Report ("PSR") in June 2013, notifying the parties and the Court that in crafting the plea agreement, the parties had erred in calculating Mr. Williams's applicable offense level and criminal history category, and that in fact Mr. Williams's advisory Guidelines sentencing range was 57 to 71 months. (PSR, Ex. C to Gov't's Opp'n at 4.) Nonetheless, on July 8, 2014, this Court sentenced Mr. Williams to 92 months' imprisonment. *See United States v. Williams*, No. 3:12cr209, Judgment, Doc. # 61. Mr. Williams now moves [Doc. # 1] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, on the basis of alleged ineffective assistance of counsel and procedural errors by the Court at sentencing.

I.     Discussion[1]

Section 2255 allows prisoners in federal custody to move for their sentences to be vacated, set aside, or corrected if their "sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A.  Ineffective Assistance of Counsel

Mr. Williams's primary argument is that he received ineffective assistance of counsel during plea bargaining because of his counsel's error in calculating the applicable Guidelines range, in violation of his Sixth Amendment rights. A petitioner seeking to bring an ineffective counsel claim must satisfy two prongs: (1) "the defendant must show that counsel's representation fell below an objective standard of reasonableness;" and (2) the defendant must demonstrate that "any deficiencies in counsel's performance [were] prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). A court assessing such a claim "must be highly deferential" to counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Mr. Williams's claim does not satisfy this demanding standard. As Mr. Williams's counsel and the Government noted in their sentencing memoranda, had Mr. Williams's counsel not negotiated his charge down to possession of a stolen firearm, he would have

---

[1] The Court notes that although the plea agreement contained a waiver of collateral attack rights, the Government is not seeking enforcement of that provision. (*See* Gov't's Mot. to Withdraw Argument [Doc. # 9].)

faced a fifteen year mandatory minimum sentence. It was on the basis of the Guidelines range stipulated by the parties that the Government agreed to the lower charge. Notwithstanding his unsupported contentions to the contrary, had the Government not filed the substitute information, Mr. Williams would have been charged as a career offender under the Armed Career Criminal Act ("ACCA") and faced a fifteen year mandatory minimum.

The ACCA provides that a defendant convicted of felon in possession of a firearm who has three previous convictions by any court for a violent felony, committed on occasions different from one another, "shall" be imprisoned for "not less than fifteen years." 18 U.S.C. § 924(e)(1). As the Government notes, Mr. Williams had been convicted of five counts of first and third degree robbery in Connecticut state courts for incidents involving different victims on different dates, and robbery, as it is defined under Connecticut law, qualifies as a violent felony under the ACCA. *See* Conn. Gen. Stat. § 53a-133; *Carter v. United States*, 731 F. Supp. 2d 262, 272–73 (D. Conn. 2010) (holding that robbery in the third degree under Connecticut law is a crime of violence as defined by the ACCA). Thus, had Mr. Williams's attorney not reached an agreement with the Government, Mr. Williams likely would have faced a fifteen-year mandatory minimum. Thus, his counsel's performance was far from ineffective.

### B. Procedural Errors at Sentencing

Mr. Williams next argues that the Court erred by: sentencing him to 92 months' imprisonment, failing to record its reasons for imposing this sentence, treating the Guidelines as mandatory, and basing its sentence on an "illegal" plea agreement. None of these claims has merit. During the sentencing hearing (*see* Sent. Tr., Ex. D to Gov't's

3

Opp'n at 22) and in the judgment, *see United States v. Williams*, No. 3:12cr209, Doc. # 61, the Court made clear that it was departing upward from the guidelines pursuant to the parties' plea agreement and *United States v. Fernandez*, 977 F.2d 1138 (2d Cir. 1989), in order to help Mr. Williams avoid a mandatory fifteen year minimum.  The plea agreement was not, as discussed above, improper or involuntary.  Moreover, as evidenced by the sentencing transcript, the Court took full account of the § 3553(a) factors, considering the seriousness of the offense, Mr. Williams's criminal history, the necessity of promoting respect for the law, affording adequate deterrence, and protecting the public, and Mr. Williams's desire and need for rehabilitation.  (*See* Sent. Tr. at 20–21.)  There was, in short, nothing wrong with the sentencing procedures.

**II.     Conclusion**

For the foregoing reasons, Mr. Williams's Motion [Doc. # 1] to Vacate, Set Aside, or Correct Sentence is DENIED, as is his request for an evidentiary hearing.  His request for release pending the Court's decision on his petition is DENIED as moot.  The Clerk is directed to close this case.

The only remaining issue is whether to issue a Certificate of Appealability ("COA").  Under 28 U.S.C. § 2253(c)(2), "a certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* In order to sustain this burden, Petitioner would have to show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted).

"Where a district court has rejected [a petitioner's] claim[] on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Id.* Here, the Court does not find that reasonable jurists could disagree on whether Mr. Williams's claims are "adequate to deserve encouragement to proceed further," *Slack*, 579 U.S. at 484, and therefore declines to issue a COA.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of April, 2015.